## CITY OF COLLINS *v.* IDA FIFE.

### [55 South. 484.]

CARRYING CONCEALED WEAPONS. *Burden of proof. Instructions. Code* 1906, *section* 1105.

> Any one indicted for carrying concealed a deadly weapon, under section 1105, Code 1906, can show as a defense, among other things, "that he was traveling and was not a tramp," but the same section provides: "And the burden of proving either of said defenses shall be on accused." An instruction which shifts this burden from the defendant to the state is erroneous.

APPEAL from the circuit court of Covington county. HON. W. H. HUGHES, Judge.

Ida Fife was acquitted in the circuit court on the charge of carrying concealed weapons on her appeal from a conviction in the city court of Collins and the city appeals from the judgment in the circuit court.

The facts are stated in the opinion of the court.

*W. U. Corley,* for appellant.

We are aware of the fact that this court will not entertain an appeal on facts, in so far as the state or municipality is concerned, but in this case, there are two very principal features of law that we are not satisfied to leave without a final decision.

The court erred in excluding the testimony of Will Nobles, the principal witness in this case. The facts being, that he saw defendant, appellee here, in the morning, and while she yet retained her room at the hotel and before she had started again on her pretended journey, with the pistol, that she took it from her purse, with a threat to get to another party in the pool room; that she replaced it, when denied the privilege of entering. This made out a complete case, but added to this

and by way of bracing up his testimony, Magee and Lowery, marshal and deputy sheriff respectively, were introduced, who testified that she still had the pistol when they arrested her. It was then that the court excluded his testimony, because it was not at the same time as was the officers testimony and being too remote. This was error. The reason the officers were introduced first, was that Nobles was not present when the case was called, and the others were introduced first, to save time. The court excluded the very foundation of this suit, as being too remote and on the theory that all witnesses had to see pistol at the same time. This is not the law, and Nobles' testimony should have been permitted to go to the jury. We especially contend that his testimony was the foundation of the proceedings against this appellee, and that the officers were introduced to corroborate his statements that she still had the gun when arrested in the afternoon, and that it makes no difference whether all witnesses saw the pistol at the same time or not.

Defendant denies having any pistol in the morning, but admits having it in the afternoon, but pleads justification on the ground that she was a traveler, and as such was exempted from the statute. On this plea, the court in the face of the statute, section 1105, Code 1906, instructed the jury that the city of Collins must show beyond every reasonable doubt, both that she carried the pistol concealed and that she was no traveler. The very section under which appellee seeks shelter, concludes with the words, "And the burden of proving either of said defenses shall be on the accused," yet the jury are instructed right to the contrary. Where justification or excuse is relied on, which constitutes an affirmative matter, the burden is on the defendant, 12 Cyc. 381, and authorities cited thereunder; also, section 1105, Code 1906.

Again the court instructed the jury for the defendant that, "The court instructs the jury for the defendant, Ida Fife, that if they have a reasonable doubt from the

evidence or the want of evidence as to whether or not Ida Fife had started on a journey at the time she was arrested with the pistol they should acquit her promptly.' This is very plainly not the law. Such an instruction was equivalent to a peremptory instruction under the testimony in this case, with Nobles' testimony excluded. The traveling or setting out on a journey intended by the statute to be an excuse for carrying concealed weapons means a travel of such distance as to take one beyond the circle of his friends and acquaintances. *Gholson* v. *State,* 53 Ala. 519; Bish. St. Grimes, sec. 788a, and approved by this court in *McGiurk* v. *State,* 1 So. 103. The case of *Roseaman* v. *Okolona,* 85 Miss. 583, settles this case on the facts, which of course will not be considered here, but we cite it to show that with the testimony of Nobles excluded and these erroneous instructions that both principles of law has been violated by the court below.

McLain, C.

The appellant was convicted in the mayor's court of the city of Collins for carrying a pistol concealed. She appealed to the circuit court of Covington county, and was there acquitted. Upon the trial, her defense "was setting out on a journey," and she asked and received the following instruction: "The court charges the jury, for the defendant, that unless the city of Collins established the guilt of the defendant to a moral certainty and to the exclusion of every reasonable doubt, both that the defendant carried the pistol concealed, and that at the time she was not justifiable under the law, then it is the sworn duty of the jury to find the defendant not guilty." The city of Collins, feeling aggrieved at the giving of said instruction, appeals to this court under authority of section 40 (2), Code 1906.

The granting of the above instruction by the court was manifest error. Any one indicted for carrying concealed

a deadly weapon, under section 1105, Code of 1906, can show as a defense, among other things, "that he was traveling and was not a tramp, or was setting out on a journey, and was not a tramp." But the same section provides: "And the burden of proving either of said defenses shall be on the accused." But the above instruction in effect places that burden on the state.

*Reversed.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated by the commissioner, the case is reversed.